UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RANATA FRANK, etc., et al., | ) |
| | ) |
| Plaintiff, | ) Case No. 4:20-cv-597 |
| | ) |
| v. | ) |
| | ) |
| CITY OF ST. LOUIS, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND IN OPPOSITION TO INJUNCTIVE RELIEF

Plaintiff brings a purported class action seeking to enjoin the alleged removal of a class of homeless persons from a public park and, further, to enjoin any arrests or criminal prosecutions on the basis of valid City ordinances regulating all persons' use of public parks. Defendant submits that the complaint should be dismissed and that injunctive relief should be denied.

For purposes of this motion, the well-pleaded factual allegations of the complaint must be accepted as true, although defendant City anticipates being able to controvert the allegations relating to the unavailability of shelter space for the purported class located in public parks in the vicinity of Fourteenth and Market Streets. The City expects has filed affidavits

demonstrating that plaintiff has shelter and COVID-19 testing immediately available to her, thereby refuting any standing she might otherwise have to seek injunctive relief.  The City also will demonstrate that, if any person now at the park in question is willing, the City will make testing and individual shelter accommodations available immediately.  See ECF 13 and attachments.

Regardless, the complaint fails to state a plausible claim for injunctive relief.

The facts alleged show that a group of homeless persons has seized a public park and turned it into an encampment during the existing public health crisis created by the COVID-19 pandemic.  The complaint shows on its face that City ordinances preclude camping, and particularly overnight camping, in public parks.  The complaint shows that plaintiff and members of her purported class have been given ample notice of the illegality of their conduct.

The complaint avers that the City's efforts to deal with homelessness within its boundaries are insufficient, but the complaint shows on its face that such efforts have been undertaken and are being undertaken by responsible City officials, who are charged in the first instance with managing this difficult social problem.

The City is now undertaking a limited, focused effort to remove the *ad hoc* encampment of allegedly homeless persons from the public park. The complaint alleges that putative class members have been threatened with arrest and prosecution, but does not disclose that any arrests have been or are in fact about to be made; nor does the complaint allege that the City has threatened to arrest the individual class representative herself.

**1.     Plaintiffs lack standing to seek relief on their novel Eighth Amendment theory.**

It is elementary that a plaintiff seeking equitable relief in federal court must have standing.  E.g., *City of Los Angeles v. Lyons,* 461 U.S. 95 (1983). Outside the First Amendment context, hypothetical claims of future irreparable injury are insufficient.  E.g., *Smook v. Minnehaha County,* 457 F.3d 806 (8th Cir. 2006).  Particularly when the claim is premised on threatened enforcement of facially constitutional laws, federal courts should not readily entertain claims for injunctive relief.  E.g., *Cameron v. Johnson,* 390 U.S. 611 (1968).

Here, plaintiff's claim based on the Eighth Amendment is entirely hypothetical.  First, she has not herself been threatened with arrest or prosecution.  Second, the complaint does not show that, in fact, she will necessarily remain homeless in the future.  While homelessness is not a

purely voluntary condition, it may be remedied in a variety of ways by individual action, intervention of charitable enterprises (as the complaint suggests), and by government action.  To be sure, the complaint alleges that plaintiff has sought housing assistance from defendant City and has received no response, but that is far asserting that defendant City cannot and will not provide such assistance in the future.[1]

Further, the complaint fails to show that the relief sought will redress the purported constitutional violation.  On the contrary, the requested relief is tantamount to transferring title to a public park to a class of allegedly homeless persons until the City provides shelter deemed adequate by them.  How this relief will remedy the alleged lack of shelter for the purported class of persons now occupying the park land from Tucker along Market to Eighteenth Street is not explained.

In sum, plaintiff's complaint does not present the Court with a justiciable controversy.  Their request to have this Court intervene in the management of both a public health crisis and a protracted social problem is beyond this Court's equitable jurisdiction.  See *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 3 (1998); *Hunt v. City of Huntsville,* 30 F.3d

---

[1] The City, in opposition to the motion for temporary restraining order, avers that plaintiff can be placed in shelter forthwith.  Affidavit of Dr. Echols.  Such evidence extrinsic to the complaint can be considered by the Court under Rule 12(b)(1).

1332 (5th Cir. 1994); *Johnson v. City of Dallas,* 61 F.3d 442 (5th Cir. 1995)(rejecting standing of homeless persons to seek injunction barring enforcement of ordinance regarding sleeping in public); *Shipp v. Schaaf,* 379 F.Supp.3d 1033 (N.D.Cal. 2019)(denying preliminary injunction to bar removal of tent encampments from public property).

**2. Plaintiff's novel Eighth Amendment theory has not been accepted in this Circuit, is contrary to binding Supreme Court precedent, and is not a cognizable claim under 42 U.S.C. §1983.**

Plaintiff seeks to have this Court follow in the footsteps of the Ninth Circuit in expanding the Eighth Amendment's very narrow limitation on state legislative authority to define and punish offenses beyond all recognizable bounds.  See *Martin v. City of Boise,* 920 F.3d 584 (9th Cir. 2019).  The *Martin* case holds, in substance, that a federal court can enjoin prosecution of homeless persons for a variety of offenses, including illegal occupation of public areas, because such offenses effectively criminalize the status of homelessness.  That holding was the subject of vigorous dissent on denial of rehearing.

The *Martin* decision is directly contrary to the Supreme Court's decision in *Powell v. Texas,* 392 U.S. 514 (1968), and should not be followed by this Court.  On the contrary, this Court should follow *Joel v.*

5

*City of Orlando,* 232 F.3d 1353 (11th Cir. 2000).  In *Joel,* the 11th Circuit expressly refused to follow the Eighth Amendment reasoning of some district court cases that preceded *Martin*.  Admittedly, the 11th Circuit alluded to a record showing that, in fact, shelter was available to the homeless plaintiffs.  However, that was not the critical factor in the 11th Circuit's refusal to extend the reasoning of *Robinson v. California,* 370 U.S. 660 (1962).  The 11th Circuit stated:

> [The "camping" ordinance at issue] targets conduct, and does not provide criminal punishment based on a person's status. See Powell v. Texas, 392 U.S. 514, 532, 88 S. Ct. 2145, 2154, 20 L. Ed. 2d 1254 (1968) (plurality opinion) (state statute punishing public intoxication is constitutionally permissible because it punishes an act, "being in public while drunk on a particular occasion," not a status, "being a chronic alcoholic."); cf. Joyce, 846 F. Supp. at 856-58 (homelessness is not a "status" within the meaning of the Eighth Amendment). We hold that it does not violate the Eighth Amendment.

The City's ordinances precluding plaintiff's occupation of park land indefinitely as her temporary residence are enforceable.  Notwithstanding the sarcastic dictum of Anatole France, the address conduct, not status.  As in *Joel,* the City here is undertaking vigorous efforts to protect and shelter plaintiff and her fellow campers, but there is no viable federal right of plaintiff that is subject to deprivation by the City.

Conclusion

For the foregoing reasons, the motion for temporary restraining order should be denied, and the complaint herein should be dismissed.

Respectfully submitted,

JULIAN L. BUSH
CITY COUNSELOR
Michael A. Garvin 39817 (MO)
Deputy City Counselor
/s/Robert H. Dierker 23671(MO)
314 City Hall
1200 Market St.
St. Louis, MO 63103
dierkerr@stlouis-mo.gov
314-622-3361