IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **RANATA FRANK, et al.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 4:20-cv-20-597 |
| | ) | |
| | ) | |
| **THE CITY OF ST. LOUIS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MOTION TO CONTINUE PRELIMINARY INJUNCTION HEARING AND
EXTEND DEADLINE TO RESPOND TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff moves the Court to continue the preliminary injunction hearing and extend the deadline for Plaintiff to respond to Defendant's Motion to Dismiss. In support of this motion, Plaintiff states as follows:

1. On Saturday, May 2, 2020, the Court denied Plaintiff's Motion for Temporary Restraining Order and set this matter for a preliminary injunction hearing on Tuesday, May 12, 2020 at 10:00 am. (ECF No. 23).

2. On Sunday May 3, 2020, City of St. Louis officials took down the tents of people who were living and sleeping in parks along Market Street.[1] Over the weekend, the City also removed hand-washing stations and restrooms that were previously placed close to the

---

[1] Rebecca Rivas, *About 20 people still slept in the downtown parks Sunday - just without tents or hand-washing stations*, The St. Louis American (May 4, 2020),
http://www.stlamerican.com/news/local_news/about-20-people-still-slept-in-the-downtown-parks-sunday-just-without-tents-or-hand/article_bbc57f5e-8e2b-11ea-8396-734f33418c46.html?fbclid=IwAR1VLaPf9JTvPg7n3gu68M0um4Ut0mvdokuYiEmQC9Bm4sacLKxa8NpfMPM.

1

    Market Street encampments.[2] Nevertheless, around 20 unhoused individuals remained and "slept on the ground in the parks downtown around 14th and Market streets."[3]

3. On Monday, May 4, 2020, Defendant filed a Motion to Expedite by shortening time for response to Defendant's Motion to Dismiss. (ECF No. 25).

4. Defendant also filed a Memorandum in Support of the Motion to Expedite on May 4, 2020. (ECF No. 26).

5. In the Memorandum in Support, Defendant stated that "shortening time for response to the motion to dismiss is in the interests of justice and judicial economy." (ECF No. 26).

6. In support of this statement, Defendant stated, "it is entirely appropriate that the issues raised by the motion to dismiss be addressed in conjunction with any ruling on a preliminary injunction" and that "the issues raised by the motion [to dismiss] necessarily must be considered in ruling on a preliminary injunction." (ECF No. 26).

7. The Court granted Defendant's Motion to Expedite on May 4, 2020, and ordered Plaintiff's response to the Motion to Dismiss to be filed by noon on Friday, May 8, 2020, and Defendant's reply to any response to be filed by noon on Monday, May 11, 2020, the day before the May 12, 2020 preliminary injunction hearing. (ECF No. 28).

8. On May 4, 2020, both Defendant and Plaintiff filed a Transcript Order Request for the May 1, 2020 hearing on Plaintiff's Motion for Temporary Restraining Order. (ECF Nos. 24 and 27).

9. Neither party has yet to receive a transcript of the hearing and Plaintiff's counsel has been told it could take up to seven days.

---

[2] *Id.*
[3] *Id.*

10. In the afternoon of Tuesday, May 5, 2020, Defendant's counsel notified both Plaintiff's counsel and the Court, via email, of an error in Dr. Echols' testimony regarding the status of Dr. Echols' medical license.

11. On Wednesday, May 6, 2020, Defendant's counsel filed a Memorandum Correcting Testimony, in which Defendant's counsel indicates that Dr. Echols made a misstatement during his testimony at the temporary restraining order hearing and that Dr. Echols "is not currently licensed to practice medicine." (ECF No. 29).

12. In light of the error in Dr. Echols' testimony, Plaintiff's counsel has been presented with significant issues that have legal bearing on this case, including the legal authority for Dr. Echols to issue the Notice of Violation and Order to Vacate at the heart of this case.

13. Plaintiff's counsel will need to receive and review the transcript of the temporary restraining order hearing as well as conduct research to determine if this misstatement by Dr. Echols has a material effect on Plaintiff's underlying claims.

14. Plaintiff's counsel also needs to review the transcript to consider other representations made by the Defendant.

15. Plaintiff's counsel is working to track the status of the more than 60 people Defendant said it relocated from the park, as many of them have scattered to unknown locations.

16. Additionally, the initial enforcement action has already taken place so there is no need to stay on an expedited schedule for the Defendant's Motion to Dismiss and preliminary injunction hearing.

17. It is for these reasons that Plaintiff now asks the Court to continue the preliminary injunction hearing until May 26, 2020, two weeks from its current setting on Tuesday, May 12, 2020.

18. Plaintiff also requests that the Court's Order to Expedite Plaintiff's response to Defendant's Motion to Dismiss be extended to May 22, 2020, in accordance with the preliminary injunction hearing, as an extension will still allow for the issues raised by Defendant's Motion to Dismiss to be considered in any ruling on a preliminary injunction.

19. Defendants have been apprised of this request.

20. No party will be prejudiced by the extension of this deadline.

WHEREFORE, for the reasons stated above, Plaintiff requests this honorable Court continue the preliminary injunction to May 26, 2020 and extend the deadline for Plaintiff's response to Defendant's Motion to Dismiss to May 22, 2020.

Dated: May 6, 2020

Respectfully submitted,

By:     /s/ Lee R. Camp
ARCHCITY DEFENDERS, INC.
Lee R. Camp (MBE #67072MO)
John Bonacorsi (MBE #71794MO)
Maureen G. Hanlon (MBE #70990MO)
Jacki J. Langum (MBE # 58881MO)
Blake A. Strode (MBE #68422MO)
440 N. 4th Street, Suite 390
Saint Louis, MO 63102
314-361-8834
314-925-1307 (fax)

5

**CERTIFICATE OF SERVICE**

      A true and accurate copy of the foregoing was filed on May 6, 2020 with the Clerk of the Court using the CM/ECF system to be served by operation of the Court's electronic filing system to all attorneys of record.

                                            /s/ Lee Camp