# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RANATA FRANK, on behalf of herself and all others similarly situated, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. 4:20-CV-00597 SEP |
| THE CITY OF ST. LOUIS, ) ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff Ranata Frank's ("Plaintiff" or "Ms. Frank") Motion to Continue Preliminary Injunction Hearing and Extend Deadline to Respond to Defendant's Motion to Dismiss ("Motion to Continue"). Doc. [30]. For the reasons below, Ms. Frank's Motion will be granted in part and denied in part.

Ms. Frank filed a Complaint in this Court on May 1, 2020, alleging violations of her Eighth Amendment rights. Doc. [1]. Ms. Frank's Complaint was premised on the City of St. Louis's ("Defendant" or "the City") April 29, 2020, Notice of Violation and Order to Vacate ("Notice & Order"), which sought to close tent encampments that had developed in downtown St. Louis and relocate their occupants. In her Complaint, Ms. Frank requested preliminary and permanent injunctive relief enjoining the City from forcibly removing individuals from the encampments and enjoining City officials from issuing criminal or municipal citations to homeless individuals there residing. Doc. [1] at 16. The City immediately moved to dismiss Ms. Frank's Complaint for failure to state a claim upon which relief can be granted. Doc. [15].

With her Complaint, Ms. Frank filed a contemporaneous Motion for a Temporary Restraining Order, seeking to enjoin the City from forcibly removing homeless individuals from

the encampments.  Doc. [3].  The Court denied Ms. Frank's Motion after determining that she was not likely to succeed on the merits of her Eighth Amendment claim and that the remaining factors weighed against the issuance of a TRO.  Doc. [23].  The Court also ordered that the matter be set for a preliminary injunction hearing to take place on Tuesday, May 12, 2020, at 10:00 am.  The City moved to expedite briefing on its pending Motion to Dismiss so that the parties could address the issues raised in the Motion at the preliminary injunction hearing.  Doc. [25].  Finding expedited briefing appropriate under the circumstances, the Court granted the City's Motion.  Doc. [28].

Ms. Frank's counsel now moves the Court to postpone consideration of its request for preliminary injunctive relief and to extend its deadline for responding the City's Motion to Dismiss.  Doc. [30].  In support of this Motion, Ms. Frank's counsel argues that an error in the testimony of the City's witness "present[s] . . . significant issues that have legal bearing on this case" and that Plaintiff's counsel needs additional time to review the hearing transcript (which the parties have not yet received) and to "conduct research."  The City responds that the mistaken testimony "does not alter" the legal merits of Plaintiff's claim and urges the Court to allow sufficient time for ruling on the Motion to Dismiss before the preliminary injunction hearing "so that the Court can consider whether a preliminary injunction hearing is even warranted."  Doc. [31].

The Court does not object to postponing the preliminary injunction hearing to allow Plaintiff more time to research and brief, but the briefing schedule proposed by Plaintiff's counsel appears to give them the entire benefit of the two-week delay, allowing them three full weeks to brief Plaintiff's response to Defendant's Motion to Dismiss (which Defendant produced in a few hours), but leaving Defendant with the same three days over a weekend (now over

Memorial Day weekend, no less) that Defendant offered when it requested expedited briefing of its motion. Plaintiff's proposal would also leave the Court with the same less-than-24-hour period (now on Memorial Day) to review the parties' briefing before the hearing as it would have had on the formerly expedited schedule.

If Ms. Frank's attorneys need additional time to research and brief the legal and factual issues, it is only fair to allow the City's attorneys additional time to address those issues as well. And the Court agrees with the City that, given the decreased time pressure, it would be beneficial for the Court to have sufficient time to decide any dispositive issues before holding any preliminary injunction hearing.

Therefore, the Court will grant Ms. Frank's request to continue the preliminary injunction hearing to **Tuesday, May 26, 2020**, but it will modify the parties' briefing schedule as follows: Ms. Frank's response to the City's Motion to Dismiss shall be due **Thursday, May 14, 2020**, and the City's reply to Ms. Frank's response shall be due **Tuesday, May 19, 2020**.

Additionally, in light of the parties' arguments with respect to the Motion to Continue, the Court asks that they address two additional questions in their Motion to Dismiss briefing: (1) whether the state of Dr. Echols's medical license affects the validity of the City's Notice & Order or otherwise affects Ms. Frank's likelihood of success on the merits of her Eighth Amendment claim; and (2) whether this case is now moot in light of changed factual circumstances.

**IT IS HEREBY ORDERED** that Plaintiff Ranata Frank's Motion to Continue Preliminary Injunction Hearing and Extend Deadline to Respond to Defendant's Motion to Dismiss is granted in part and denied in part.

**IT IS FURTHER ORDERED** that Ms. Frank's response, if any, to the City's Motion to Dismiss (Doc. [15]) shall be due **Thursday, May 14, 2020**; that the City's reply thereto, if any, shall be due **Tuesday, May 19, 2020**; and that the parties shall address not only the arguments raised by the City in its Motion to Dismiss, but also the questions identified in this Order.

**IT IS FINALLY ORDERED** that the preliminary injunction hearing in this case shall be rescheduled for **May 26, 2020, at 10:00 am**.

Dated this 7th day of May, 2020.

_____

Sarah E. Pitlyk

United States District Judge